UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYLAND G. HILL, JR., | No. 2:13-cv-1889 CKD P |
| Petitioner, | |
| v. | ORDER |
| CALIFORNIA SUPERIOR COURT, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a). Petitioner has consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c) and Local Rule 302.

Petitioner appears to challenge the Sacramento County Superior Court's July 2013 denial of petitioner's pre-trial motions to strike a prior conviction and to suppress evidence, respectively. (ECF No. 1.) Petitioner was convicted in July 2013 of driving under the influence and other offenses, but notes in the petition (constructively filed September 3, 2013) that he would not "be sentenced until 9/6/13." (Id. at 2.) Petitioner has filed petitions for writs of mandate in the state courts of appeal, seeking to obtain a writ compelling the trial court to grant his motions. See Cal.

1  Code Civ. Proc. § 1085.  The state court of appeal denied his petition for writ of mandate, and
2  the California Supreme Court on August 22, 2013 transferred the matter back to the court of
3  appeal to determine whether the petition for writ of mandate should be denied as successive.
4  (ECF No. 42-44.)  It does not appear that, at the time of filing the instant petition, petitioner had
5  appealed the judgment of conviction or sought post-conviction relief in the state courts.

6  This court may "entertain an application for a writ of habeas corpus on behalf of a person
7  in custody pursuant to the judgment of a State Court only on the ground that he is in custody in
8  violation of the Constitution or laws and treaties of the United States."  28 U.S.C. § 2254(a).  A
9  writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some
10 transgression of federal law binding on the state courts.  Middleton v. Cupp, 768 F.2d 1083, 1085
11 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983).  It is unavailable for
12 alleged error in the interpretation or application of state law.  Middleton, 768 F.2d at 1085; see
13 also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378,
14 1381 (9th Cir. 1986).

15 The exhaustion of state court remedies is a prerequisite to the granting of a petition for
16 writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived
17 explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may
18 not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the
19 highest state court with a full and fair opportunity to consider all claims before presenting them to
20 the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton, 768 F.2d at 1086.

21 After reviewing the petition for habeas corpus, the court finds that petitioner has failed to
22 exhaust state court remedies as to any claims brought pursuant to 28 U.S.C. § 2254.  Further,
23 there is no allegation that state court remedies are no longer available to petitioner.  Accordingly,
24 the petition will be dismissed without prejudice.[2]

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. The Clerk of the Court is directed to serve a copy of this order together with a copy of the petition filed in the instant case on the Attorney General of the State of California; and

3. Petitioner's application for a writ of habeas corpus is dismissed without prejudice for failure to exhaust state remedies.

Dated: November 7, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / hill1889.103

---

direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).